**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EMPLOYERS INSURANCE ) | |
| COMPANY OF WAUSAU, ) | |
|              ) | |
|     Plaintiff, ) | |
|              ) | |
| vs.          ) | Case No. CIV-10-1109-M |
|              ) | |
| MIDWEST TOWERS, INC., ) | |
| BLACK & VEATCH, INC. AND ) | |
| RSUI INDEMNITY COMPANY, ) | |
|              ) | |
|     Defendants. ) | |

**ORDER**

Before the Court is Plaintiff Employers Insurance Company of Wausau's Motion for Partial Judgment on the Pleadings Regarding No Duty to Defend Defendant Black & Veatch, Inc., filed June 3, 2011. On June 24, 2011, defendant Black & Veatch Inc.'s brief in opposition was filed. Plaintiff's reply was filed on July 1, 2011.

I.   Introduction

Employers Insurance Company of Wausau ("plaintiff") seeks a determination as to the availability and scope of insurance coverage under several liability insurance policies it issued to defendant Midwest Towers, Inc. ("Midwest"). Defendant RSUI Indemnity Company ("RSUI") also issued certain liability insurance policies to Midwest. Midwest seeks a defense and indemnification from plaintiff and RSUI in *Black & Veatch Corporation v. Midwest Towers, Inc.,* Civil Action No. 4:10-cv-00318-SOW, United States District Court, Western District of Missouri, Western Division ("Underlying Lawsuit"). Defendant Black & Veatch, Inc. ("Black & Veatch"), asserts that it is also entitled to insurance coverage, including a defense, under plaintiff's policies for a claim asserted against it by American Electric Power Service Corporation ("American Electric"), the

owner/operator of several power generating facilities where Midwest performed work and or supplied products. The American Electric claim is not included in the Underlying Lawsuit as it was settled without a suit being filed.

On October 12, 2010, plaintiff brought the instant action seeking a determination as to insurance coverage in the Underlying Lawsuit. On June 3, 2011, plaintiff's motion for partial judgment on the pleadings as to the duty to defend Black & Veatch was filed.

## II.   Motion for Partial Summary Judgment

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

## III.   Discussion

Plaintiff moves for partial summary judgment regarding whether it has a duty and obligation

under the liability insurance policies issued to Midwest to defend Black & Veatch as a co-insured. Specifically, plaintiff contends it has no duty to defend Black & Veatch for the claim asserted by American Electric because there has not been a lawsuit filed involving said claim. Plaintiff contends Black & Veatch is not entitled to insurance coverage because the pertinent insurance policies clearly and unambiguously states that plaintiff has a duty to defend an insured only if there is a "suit" filed against the insured seeking damages covered by the policies.

The pertinent part of plaintiff's policy states:

> **SECTION I - COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.   Insuring Agreement**
>
>     **a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for " personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
>
>         (1)   The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
>
>         (2)   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
>         No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments -

Coverage A and B.

Having carefully reviewed the parties' submissions, the Court finds that there is a genuine issue of material fact as to whether plaintiff has a duty to defend Black & Veatch with respect to American Electric's claim. Plaintiff has submitted specific portions of the liability insurance policies which reference the filing of a lawsuit seeking damages by an insured prior to it having a legal obligation to pay damages. The policies also state that at plaintiff's discretion it will "investigate any offense and settle any claim or suit that may result." It is undisputed in this case that the American Electric's claim involves the same subject matter as the Midwest claim, work subcontracted by Black & Veatch to Midwest. It is also undisputed that Midwest and Black & Veatch are both covered by the relevant policies. Finally, it is undisputed that upon receiving notice of both claims, plaintiff agreed to investigate the assertions from both Midwest and Black & Veatch that they each were entitled to a defense and indemnification. The results of those investigations are not before the Court. Plaintiff now seeks judgment as to rights and duties owed to Black & Veatch.

Accordingly, based upon the evidence submitted, the Court finds that there is a material dispute as to whether plaintiff reasonably responded to reasonable request from Black & Veatch in its effort to settle the American Electric claim. *Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1094 (Okla. 2005). Because the Court finds that plaintiff's insurance policies provide for a possible defense of Black & Veatch as a co-insured, the Court finds that it would be improper for the Court to make any ruling at this time regarding the parties' rights and obligations under the relevant insurance policies and, thus, finds that plaintiff's motion for partial judgment on the pleadings should be denied.

IV.     Conclusion

Accordingly, the Court DENIES Plaintiff Employers Insurance Company of Wausau's Motion for Partial Judgment on the Pleadings Regarding No Duty to Defend Defendant Black & Veatch, Inc. [docket no 89].

**IT IS SO ORDERED this 25th day of October, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE